# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDON DONGARRA, | : | Civil No. 1:20-CV-2420 |
| Petitioner, | : | |
| v. | : | |
| E. BRADLEY, WARDEN, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Jordon Louis Dongarra's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, Doc. 1, and a motion to transfer this matter to the United States District Court for the Middle District of Florida based on Petitioner's recent transfer to that jurisdiction. (Doc. 21) In his petition, Dongarra asserts ineffectiveness of trial counsel who failed to seek dismissal of the indictment due to a Speedy Trial Act violation which also divested the trial court of jurisdiction over him. (Docs. 1, 15.) For the reasons stated below, the court will dismiss the petition for lack of jurisdiction and deny Petitioner's motion to transfer.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 23, 2015, Jordon Louis Dongarra ("Petitioner") was arrested. He was indicted 33 days later on February 25, 2015, in the United States District Court for the Northern District of Ohio, Eastern Division, for crimes related to a December 30, 2014 bank robbery in North Olmsted, Ohio. *See United States v.*

*Dongarra*, No. 1:15-CR-0079 (N.D. Oh.) ("*Dongarra I*"), Doc. 7.[1] On June 17, 2015, the Government filed a second superseding indictment charging Petitioner with four counts: (1) the December 18, 2014 robbery of a bank in Mansfield, Ohio; (2) carrying and brandishing a firearm during and in relation to a crime of violence; (3) the December 30, 2014 robbery of a bank; and (4) carrying and brandishing a firearm during and in relation to a crime of violence. (*Dongarra I*, Doc. 25.)

On July 28, 2015, Petitioner entered a guilty plea to both counts of bank robbery, and a conditional plea to count 2 pending the results of a polygraph test. On November 6, 2015, Petitioner was sentenced to 92 months imprisonment for each bank robbery conviction to be served concurrently (Counts 1 and 3). The remaining charges, counts 2 and 4, carrying and brandishing a firearm during a crim of violence, were dismissed. (*Id.*, Doc. 53.)

On November 13, 2015, Petitioner filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit court of Appeals. (*Id.*, Doc. 54.) The Sixth Circuit Court of Appeals granted the Government's motion to dismiss Petitioner's direct appeal on September 23, 2016, based on a waiver contained in his plea agreement and because Petitioner did not demonstrate that it would be a

---

[1] The court takes judicial notice of the district court's criminal docket available at https://pacer.login.uscourts.gov (last visited Jun. 28, 2021). Petitioner has filed a printout of the docket entries in his criminal matter. *See* Doc. 15-1.

miscarriage of justice to enforce his waiver of appeal. (*Id.*, Doc. 62.) On April 17, 2017, the Supreme Court of the United States denied his petition for writ of certiorari. *Dongarra v. United States*, 137 S.Ct. 1603 (2017).

On April 13, 2018, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 alleging a violation of his Speedy Trial Act rights,[2] an ineffective assistance of counsel claim related to those rights, and that the court lost jurisdiction once the violation of the Speedy Trial Act right occurred. *United States v. Dongarra*, Case No. 1:18-CV-902, 2018 WL 1933409, at *1 (N.D. Ohio, April 24, 2018). The trial court denied the petition noting that while the Government did file the initial indictment 33 days after Petitioner's arrest, and his counsel could have filed a motion to dismiss the indictment under the Speedy Trial Act, he was not prejudiced by this failure because the Government maintained the option to refile the indictment for the December 30, 2014 bank robbery anytime within the 5-year statute of limitations for that offense. (*Id.* at *2.) Additionally, the court found Petitioner's underlying Speedy Trial Act claim was waived pursuant to his plea agreement. (*Id.*)

Petitioner sought a certificate of appealability from the Sixth Circuit Court to appeal the district court's judgment denying his motion to vacate his sentence filed

---

[2] The Speedy Trial Act, 18 U.S.C. § 3161(b), *inter alia,* requires the Government file an information within 30 days from the date of an arrest.

3

pursuant to 28 U.S.C. § 2255. (*Dongarra I*, Doc. 69.) On September 13, 2018, the Sixth Circuit Court of Appeals denied Petitioner's motion for a certificate of appealability as reasonable jurists could not debate the district court's denial of his motion to vacate. The court also explained that the speedy indictment rule in 18 U.S.C. § 3161(b) was not jurisdictional. *Dongarra v. United States*, No. 18-3538, 2018 WL 11301385 (6th Cir. Sept, 13, 2018). The Supreme Court denied Petitioner's writ of certiorari to the United States Court of Appeals for the Sixth Circuit. *Dongarra v. United States*, 140 S. Ct. 262 (2019).

On January 14, 2020, Petitioner filed a second motion to vacate under 28 U.S.C. § 2255 arguing his convictions under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a crime of violence should be vacated pursuant to *United States v. Davis*, 139 S.Ct. 2319 (2019).[3] He also alleged his trial counsel was ineffective and failed to argue that 28 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. The district court summarily dismissed the motion noting that Petitioner's sentence was based exclusively on the two bank robberies convictions and that he "was not convicted or, nor sentenced under, any § 924(c) offense." *United States v. Dongarra*, No. 1:15-CR-79, 2020 WL 589043, *2 (N.D. Ohio, Jan. 28, 2020).

---

[3] In *Davis*, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B)'s residual clause definition of "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," was unconstitutionally vague as it does not provide fair warning to criminal defendants that mandatory sentences may apply to their conduct. *Id*., 139 S.Ct. at 2336.

Petitioner is a self-represented federal prisoner currently housed in the Hillsborough County Residential Re-Entry Ctr., Tampa, Florida. He filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 on October 21, 2020 before the United States District Court for the Middle District of Florida, Tampa Division. (Doc. 1.) Petitioner argues his Speedy Trial Act rights were violated and his counsel was ineffective for not seeking to dismiss the indictment based on the purported violation. (Docs. 1, 8, 15.) When required to explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge his conviction or sentence, Petitioner states "It's not, I was ever indicted … sentencing day [the court] never had jurisdiction to convict." (Doc. 1, p. 4.)[4]

On December 18, 2020, the Middle District of Florida transferred the matter to this court noting that Petitioner was housed at the Canaan United States Penitentiary ("USP Canaan"), in Waymart, Pennsylvania when he filed his petition. The court received the transfer on December 23, 2020. (Doc. 3.) After Petitioner paid the requisite filing fee, the court directed Respondent to answer the petition. (Docs. 14, 16.) On May 3, 2021, Respondent filed a timely response to the petition and Petitioner's various supplements. (Doc. 18). Respondent argues the court lacks jurisdiction over the petition as Petitioner cannot satisfy the savings clause because he could have, and did, raise the identical claims presented in his

---

[4] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

first § 2255 motion. (*Id*.) In lieu of a reply, Petitioner requests the transfer of this matter to the United States District Court for the Middle District of Florida, Tampa Division as he has been transferred to a "halfway house" located in Tampa, Florida. (Doc. 21.) The petition is now fully briefed, and ripe for disposition.

## DISCUSSION

**A. The court lacks jurisdiction over Dongarra's § 2241 petition.**

In pertinent part, 28 U.S.C. § 2241(a) provides: "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." However, "a federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under [28 U.S.C.] § 2255." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). Under limited circumstances, it is possible for a federal prisoner to challenge his conviction or sentence under § 2241. "Congress [ ] provided a saving clause: a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Bruce*, 868 F.3d at 178 (quoting 28 U.S.C. § 255(e), referred to as the "savings clause").

"There are situations where the remedy under § 2255 is actually 'inadequate or ineffective,' but they are rare." *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 103 (3d Cir. 2017). The claimed inadequacy or ineffectiveness must be "a

6

limitation of scope or procedure ... prevent[ing] a § 2255 proceeding from affording ... a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002)). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538.

A federal prisoner seeking to attack the validity of his conviction may proceed under section 2241 only if he can satisfy two conditions. *See Cordaro v. United States*, 933 F.3d 232, 239 (3d Cir. 2019). "First, a prisoner must assert a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision … in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review" and "[s]econd, the prisoner must be otherwise barred from challenging the legality of the conviction under § 2255." *Bruce*, 868 F.3d at 180 (internal quotation marks omitted) (citing *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013)). The burden is on the prisoner to show the inadequacy or ineffectiveness of section 2255. *See Application of Galante*, 437

7

F.2d 1164, 1165 (3d Cir. 1971). If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Id*. at 1165.

Here, Petitioner has filed a § 2241 petition that is not based on the argument that the conduct which lead to his conviction is no longer criminal because of a change in law. Additionally, he does not content that he did not have a prior opportunity to seek § 2255 relief based on the identical claims raised in his current petition. *See United States v. Dongarra*, No. 1:18-CV-902, 2018 WL 1933409 at *1 (N.D. Ohio, April 24, 2018), *aff'd*, No. 18-3538, 2018 WL 11301385 (6th Cir. Sept. 13, 2018), *aff'd*, 140 S.Ct. 262 (2019). In fact, Petitioner concedes that § 2255 is not inadequate or ineffective to challenge his conviction. (Doc. 1, p. 4.) Petitioner cannot seek § 2241 relief simply because the sentencing court denied his motion to vacate addressing the very same issues set forth in his present petition. *See Cradle*, 290 F.3d at 539. As such, Petitioner fails to show that he comes within the saving clause of 28 U.S.C. § 2255, and there is no basis to permit the petition to proceed under § 2241.

**B. Dongarra's motion to transfer is denied.**

Petitioner seeks the transfer of his petition based on his transfer to an Orlando, Florida residential reentry center. (Doc. 21.) As previously mentioned, Petition was housed at USP Canaan when he filed his petition. Based on that

finding, the Middle District of Florida transferred the case to this court. It is well-established that a petition filed pursuant to 28 U.S.C. § 2241 must be brought in the petitioner's district of confinement. Moreover, should the petitioner be transferred to another facility in a different district during the pendency of the habeas petition, the original court does not lose jurisdiction over the petition. *See Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990). Petitioner's transfer does not divest the court of jurisdiction. Thus, his motion to transfer will be denied.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, Doc. 1, is dismissed for lack of jurisdiction. The motion to transfer, Doc. 21, is denied. Because Petitioner is not detained per a state court process, and the petition is not brought pursuant to 28 U.S.C. § 2255, no action is necessary with respect to a certificate of appealability. An appropriate order will issue.

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: July 6, 2021

ss